UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Spartan Chemical Co., Inc.,                                  Case No. 3:17-cv-02487

        Plaintiff,

   v.                                                                          MEMORANDUM OPINION

National Chemical Laboratories of PA, Inc.,

        Defendant


## I.    INTRODUCTION

Defendant National Chemical Laboratories of PA, Inc. ("NCL"), has filed a Rule 12(b)(6) motion for dismissal of the complaint filed by Plaintiff Spartan Chemical Company, Inc. for failure to state a claim upon which relief may be granted. (Doc. No. 8). Spartan filed a brief in opposition. (Doc. No. 15). NCL filed a brief in reply. (Doc. No. 18). For the reasons stated below, NCL's motion is denied.

## II.    STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual

inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, the court may consider the allegations in the complaint as well as any exhibits attached to the complaint, as long as the complaint refers to the exhibit and the exhibit is central to the claims set forth in the complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. BACKGROUND

Spartan and NCL both develop, produce, and distribute sanitary and cleaning products. (Doc. No. 1-1 at 8). Spartan uses an authorized distributor network as part of its business model. (Doc. No. 1-1 at 10). Spartan alleges NCL spread false or misleading information about Spartan in an attempt to weaken their distributor network and negatively affect Spartan's position in the industry. (Doc. No. 1-1 at 12). Spartan specifically alleges NCL advised distributors Spartan was covertly selling their products directly to a nationwide retailer - Home Depot. (Doc. No. 1-1 at 13).

On August 25, 2017, Arnold Frederick, a Sales Manager at NCL, sent an email to Richard Hall and Robert Wellman, also Sales Managers at NCL, explaining NCL had successfully purchased Spartan products at Home Depot. (Doc. No. 1-1 at 15-18). The email further instructed them to tell all dealers who sell Spartan products and all end use customers about the availability of Spartan products at Home Depot "to disrupt the local dealers." Id. Six minutes after the email was sent, Hall forwarded the email to nine members of his sales group, instructing them to pass the information to their distributors. (Doc. No. 1-1 at 20).

On September 1, 2017, Moncrief Williams, another NCL Sales Manager, sent an email to a number of Spartan's authorized distributors. (Doc. No. 1-1 at 22). The email's subject was "Home Depot – Spartan Partnership – Irate Customers" and stated Home Depot was carrying Spartan products. (Doc. No. 1-1 at 22-23). The email described "upset" distributors and stated NCL was

2

"hearing" a number of concerns from distributors, including "breaking integrity," oversaturation, competition with a major retailer, and suffering profit margins. (Doc. No. 1-1 at 23-24).

Spartan argues some or all of these statements are intentionally false or misleading. (Doc. No. 1-1 at 25). Specifically, Spartan argues NCL's claims in the September 1, 2017 email, including a statement indicating distributors are "irate" and "upset" and the claim NCL has "heard" from distributors regarding any complaints, are false. (Doc. No. 1-1 at 28-29).

## IV. ANALYSIS

Spartan asserts five claims arising under Ohio law: defamation; violation of the Deceptive Trade Practices Act; tortious interference with contract; tortious interference with business relations; and unfair competition. NCL argues I should dismiss all claims because they fail to state a plausible claim for relief.

As an initial matter, Spartan argues I should not consider Exhibits A and C attached to NCL's motion to dismiss because they are not referred to in the complaint and are not central to the claims. When considering a motion to dismiss, I may consider any exhibits attached to the motion as long as they are referred to in the complaint and are central to the claims contained in the complaint. *Bassett v. Nat'l Collegiate Athletics Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Exhibit A is an email chain between Fredrick, Hall, Wellman, Marquis, and several sales associations. The emails relate NCL's successful purchase of Spartan products at Home Depot and instruct sale associates to share the information with their distributors. The email describes the events which have led to the case at hand and are central to its claims. The email is referenced on lines 15-20 in the complaint and, therefore, may be considered in connection with NCL's Rule 12(b)(6) motion.

Exhibit C contains receipts and invoices confirming the purchase of Interline Pro, allegedly a Spartan product, at a Home Depot Store in Boulder, Colorado. Spartan does not reference a

3

purchase or the receipts and invoices in the complaint, and I will not consider those documents at this stage of litigation.

### A. DEFAMATION

NCL argues Spartan fails to state a claim for defamation because the statements allegedly made are true or opinion. Defamation is established when (1) a false statement of fact was made; (2) the false statement was published; (3) the plaintiff suffered injury as a proximate result; and (4) the defendant acted with a degree of fault. *Casale v. Nationwide Children's Hosp.*, 682 Fed. Appx. 359, 368 (6th Cir. 2017). A statement is false when it is not true or is not grounded in truth or fact. *SEIU Dist. 1199 v. Ohio Elections Comm'n*, 822 N.E.2d 424, 432 (Ohio Ct. App. 2004). A statement is not false if there is some truth in it, even if it is misleading. *Id.* Therefore, a statement which is true is protected from a claim of defamation. *Id.* Whether a defamatory statement is true is generally a question of fact to be decided by the trier of fact. *Young v. Gannett Satellite Info. Network, Inc.*, 837 F. Supp. 2d 758, 764 (S.D. Ohio 2011).

Here, the complaint states factual allegations which support a claim of defamation. Spartan alleges NCL made specific statements which were untrue, including: (1) distributors can purchase Spartan products at Home Depot; (2) distributors are "irate" and "upset"; (3) "Home Depot has very aggressive pricing"; and (4) distributors are telling NCL that Spartan is "breaking integrity," the market is becoming oversaturated, they are concerned with competing with a major retailer, and profit margins are suffering. While NCL argues these statements are true, NCL does not identify how the allegations in the complaint show the statements are true, making this a question for the trier of fact. *See, e.g., Krems v. Univ. Hosp. of Cleveland*, 726 N.E.2d 1016, 1019-20 (Ohio Ct. App. 1999). The only matter to decide at this stage of litigation is whether the plaintiff has provided factual allegations which, if true, could result in recovery for the plaintiff. The plaintiff has done so.

4

NCL also argues the statements are protected because they are opinion. Ohio courts use a totality-of-circumstances test to determine if a statement is opinion. This involves considering the specific language used, the verifiability of the statement, the general context of the statement, and the broader context in which the statement was made. *Vail v. Plain Dealer Publ'g Co.*, 649 N.E.2d 182, 185 (Ohio 1995).

Several statements contained in the complaint are noticeably not opinion, specifically statement (1) stating distributors can purchase Spartan products at Home Depot, and statement (4) claiming distributors are saying particular things about Spartan. These statements are neither ambiguous nor loose. The statements are either true or untrue and can be verified. Statements (2) and (3) appear to be more ambiguous in nature, with words like "irate," "upset," and "aggressive," which may have different meanings or understandings depending on the listener. Regardless, the complaint contains alleged statements which fall outside the opinion protection, and therefore NCL is not entitled to a dismissal on the grounds of opinion. NCL's motion to dismiss the claim of defamation is denied.

## B. DECEPTIVE TRADE PRACTICES

Similarly, NCL argues Spartan fails to state a claim for Deceptive Trade Practices under chapter 4165 of the Ohio Revised Code because the statements made either were true or opinion. To establish a violation of the Ohio Deceptive Trade Practices Act, there must be evidence supporting the conclusion the defendant caused a likelihood of confusion or misunderstanding, or disparaged the business of another by false representation of fact. *FURminator, Inc. v. Kirk Weaver Enters.*, 545 F. Supp. 2d 685, 691 (N.D. Ohio 2008). Spartan alleges the disparaging statements made by NCL were false, or alternatively, caused confusion as to the relationship between Spartan and Home Depot.

5

As I stated previously, questions of whether a statement was true are ones for the finder of fact. Spartan is only required to provide factual allegations, which, if true, could persuade the factfinder to find in Spartan's favor, and it has done so. NCL's motion to dismiss the Deceptive Trade Practices claim is denied.

### C. TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

NCL argues Spartan failed to state claims for tortious interference with contract and business relations because Spartan does not allege any specific contract or business relationship and does not identify a specific breach. These claims only vary slightly and will be analyzed together. To establish a claim for tortious interference with contract, a plaintiff must plead (1) existence of a contract; (2) knowledge by the defendant of the contract; (3) intentional procurement of the contract's breach by the defendant; (4) lack of justification; and (5) resulting damages. *BTX Industries, Inc. v. Party Animal, Inc.*, No. 1:09-CA-02216, 2010 WL 1438805, at *5 (N.D. Ohio Apr. 9, 2010). Similarly, to establish a claim for tortious interference with business relations, there must be allegations of (1) the existence of a business relationship; (2) knowledge by the defendant of the business relationship; (3) intentional interference causing a breach or termination of the relationship; and (4) resulting damages. *EJS Props., LLC v. City of Toledo*, 651 F. Supp. 2d 743, 759 (N.D. Ohio 2009).

Here, Spartan alleges it had contractual and business relationships with an unnamed group of authorized distributors. Spartan argues NCL knew of these contractual and business relationships. NCL argues Spartan's failure to mention specific contractual and business relationships means the complaint does not contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Spartan, however, identifies a specific contractual and business relationship with a specific group of people – a contract and business relationship with its authorized distributors. Spartan further alleges NCL sent an email to Spartan distributors with the

6

intention of disrupting the authorized distributor network, intentionally intending to encourage breach of the contract and business relationships between Spartan and their authorized distributors. The factual allegations here, viewed in the light most favorable to the plaintiff, state plausible claims for relief. Therefore, the motion to dismiss the tortious interference claims is denied.

### D.  UNFAIR COMPETITION

Finally, NCL argues Spartan fails to state a claim for unfair competition under Ohio law because the statements made were true.  To establish a claim for unfair competition, Spartan must show NCL circulated false statements.  *Henry Gehring Co. v. McCue*, 154 N.E. 171, 171-72 (Ohio Ct. App. 1926).  Spartan alleges the disparaging statements made by NCL were false.  As I concluded above, these allegations are sufficient to state a plausible claim for relief.  NCL's motion to dismiss the unfair competition claim is denied.

### V.     CONCLUSION

For the reasons stated above, NCL's motion to dismiss pursuant to Rule 12(b)(6), (Doc. No. 8), is denied.


So Ordered.

                                            s/ Jeffrey J. Helmick
                                            United States District Judge